Gail CARSON, Respondent,

v.

Julie ALLEN, Appellant.

No. 56897.

Missouri Court of Appeals,
Eastern District,
Division One.

April 17, 1990.

Baine & McHugh, Robert P. Baine, Jr., Arthur Aaron Hogg, Clayton, for appellant.

Sommer & Hartstein, Joseph P. Sommer, St. Louis, for respondent.

CRIST, Judge.

Defendant appeals a judgment in favor of plaintiff, in a bench trial, for damages to plaintiff's automobile. The trial court found defendant was negligent and denied defendant's counterclaim for personal injuries and damages to her car. She appeals. We affirm.

The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares or applies the law. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483[1-4] (Mo.banc 1980).

■ Defendant asserts judgment should have been for defendant on her counterclaim. Plaintiff presented evidence at trial that she was traveling south on Main Street in O'Fallon, Missouri, approaching an intersection. Plaintiff was not speeding and had the right-of-way. Without warning, defendant's automobile came into the street from the right as she exited a savings and loan driveway. Defendant's car struck plaintiff's car and caused damage. Plaintiff made a submissible case. *See Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 206[9] (Mo.banc 1983); § 304.351.5, RSMo 1986. In a court-tried case, conflicts in evidence are for the trial court to resolve and the facts must be taken in accordance with the result reached by the trial court. *Trenton*, 599 S.W.2d at 483[1-4]. The trial court, when sitting as the trier of fact, may believe all, part or none of the testimony of any witness. *Id.* Defendant may or may not have made a submissible case on her counterclaim, but in any event, the trial court did not have to believe defendant's evidence. This point is denied.

■ Defendant asserts plaintiff failed to prove ownership of her car. Any competent evidence may be introduced to establish the fact of ownership of personal property. *State v. Guelker*, 548 S.W.2d 521, 525[2] (Mo.banc 1976). Oral testimony that a witness is the owner of an automobile is competent, primary evidence of the fact of ownership. *Id.* Plaintiff testified her car was damaged as a result of the accident.

She gave an opinion as to its fair market value. She testified her car had been repaired. She incurred a rental bill while her car was being fixed. This testimony was sufficient to show plaintiff is the owner of the car. Defendant did not object to the testimony and made no issue of ownership at trial. This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.