Gary Don **LEWIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–91–00210–CR.

Court of Appeals of Texas,
Tyler.

Aug. 11, 1993.

Sam Griffith, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

BILL BASS, Justice.

Appellant was charged with aggravated sexual assault. Two trials ended in mistrials. The trial judge granted the first mistrial on the motion of the appellant; the second was granted on the State's motion. Appellant's sole point of error contends that the trial court erred in overruling both of his special pleas of double jeopardy. After Appellant's second special plea of jeopardy was overruled, Appellant entered his "guilty" plea to the lesser-included offense of sexual assault. The trial court accepted the plea and, pursu-ant to a plea agreement, sentenced Appellant to ten (10) years confinement. We will affirm the judgment of the trial court.

Jeopardy attaches when the jury is empaneled and sworn. *McElwee v. State,* 589 S.W.2d 455, 457 (Tex.Cr.App.1979). Once jeopardy attaches, a defendant has the right to have his guilt or innocence determined before that tribunal. *Ex parte Myers,* 618 S.W.2d 365 (Tex.Cr.App.1981), *cert. denied,* 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630. However, this right "must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949), 337 U.S. 921, 69 S.Ct. 1152, 93 L.Ed. 1730.

During the first trial, the prosecutor asked the deputy sheriff investigator what he did in his investigation after he had obtained the suspect's (Appellant's) name. The deputy replied that "We ... ran a criminal history, based upon that, and found out...." Appellant objected, and requested a mistrial which was granted. On April 10, 1991, the trial court heard and denied Appellant's special plea of double jeopardy.

As a general rule, when a mistrial is granted upon the defendant's motion, a retrial is not precluded, even if the mistrial was necessitated by the prosecutor's or judge's error. *Speights v. State,* 499 S.W.2d 119, 123 (Tex.Cr.App.1973). However, if the court or prosecutor have deliberately engaged in conduct calculated to provoke the defendant into requesting a mistrial or to prejudice his prospects for an acquittal, the defendant is entitled to invoke the bar of double jeopardy against retrial. *Oregon v. Kennedy,* 456 U.S. 667, 680–81, 102 S.Ct. 2083, 2091–92, 72 L.Ed.2d 416 (1982), *United States v. Kessler,* 530 F.2d 1246, 1255–58 (5th Cir.1976).

In the first trial, Appellant moved for a mistrial immediately after the deputy sheriff investigator testified that he had searched for Appellant's criminal record. Appellant argues that the witness knew, from his experience and training, that his answer was an improper attempt to inform the jury of Ap-

pellant's past convictions. Therefore, Appellant says he was forced to choose between proceeding with the trial before a jury tainted by improper evidence or moving for a mistrial.

■ The prosecutor's question does not appear calculated to elicit the witness' response. The answer was non-responsive to the question. The witness did not have the opportunity to answer what the search for Appellant's criminal history disclosed. We have no record from the hearing on defendant's first plea of jeopardy or from the trial that might support Appellant's contention that the witness, despite his training and experience, intentionally attempted to inject Appellant's criminal history into the proceedings. The trial court heard Appellant's special plea of jeopardy, and was apparently of the opinion that the prosecutor's conduct did not rise to the level of deliberate bad faith that would bar retrial. Without a record containing the evidence offered in support of the plea of jeopardy, we cannot review the trial court's action in overruling the plea. *See Anderson v. State,* 635 S.W.2d 722 (Tex. Cr.App.1982).

On May 8, 1991, a second jury was selected. The trial court granted the State's motion in limine as to evidence of the victim's reputation. During the prosecution's examination of the last defense witness, Melissa Roy, the following exchange occurred:

**Q:** ... How long were you there at the club that night?

**A:** From 10:30 to the closed.

**Q:** Were you drunk?

**A:** No, I wasn't drinking at the time because I was pregnant.

**Q:** How many kids do you have?

**A:** One.

**Q:** How old are you?

**A:** Twenty.

**Q:** Let me ask you this. How much time did you spend with La Sandra that night?

**A:** We were just in the club for about 30, 40 minutes. She was walking with me and my other sister.

**Q:** Was she falling down drunk and all that?

**A:** No, but she was tipsy.

**Q:** She was tipsy?

**A:** Yes, sir.

**Q:** So since she was tipsy, she couldn't be raped, is that right?

**A:** I felt like she wasn't because **she was already known to be a whore** (emphasis added).

**MR. JOHNSON:** Your Honor, I will object to that response, and once again, I would ask for a mistrial. If we had said anything like that about this Defendant, I think there would be a mistrial granted.

The State objected and requested a mistrial which the trial court granted. The Appellant then filed a second special plea of jeopardy which the trial court overruled on the eve of the third trial.

■ When a mistrial is declared without the consent of the accused, manifest necessity must be shown to have required such a declaration, or a subsequent trial for the same offense is barred by the DOUBLE JEOPARDY CLAUSE. *Harrison v. State,* 788 S.W.2d 18, 22 (Tex.Cr.App.1990). The trial court's decision to grant a mistrial because of manifest necessity is reviewable by an abuse of discretion standard. *Id.*

Appellant argues that the prosecutor's question invited the response that the victim was "known to be a whore." He also contends that there was no manifest necessity for a mistrial because any harm caused could have been cured by the court's instruction not to consider the statement.

■ We disagree. The prosecutor's questions appear framed to discover the witness' bias against the victim. The witness' statement was not responsive to the question asked, which could have been answered with a simple yes or no. It violated a motion in limine granted to safeguard against just such testimony going to jury, unless permitted by the rules of evidence. The statement was extremely inflammatory and unfairly prejudicial. It is very doubtful that the harm done could have been cured by an instruction. If

the trial court had held otherwise, it would have allowed Appellant to profit from the misconduct of his own witness. Given the facts of this case, we cannot conclude that the trial court abused its discretion in overruling Appellant's second special plea of jeopardy. The point is overruled.

The judgment of the trial court is **affirmed.**