**Ex parte Michael Anthony SMITH, Appellant.**

**No. 3–94–213–CR.**

Court of Appeals of Texas, Austin.

Aug. 31, 1994.

Rehearing Overruled Nov. 2, 1994.

Berkley B. Bettis, Austin, for appellant.

Ronald Earle, Criminal Dist. Atty., Lisa Dotin Stewart, Asst. Criminal Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

PER CURIAM.

By application for writ of habeas corpus, appellant sought the dismissal on double jeopardy grounds of indictments pending against him in Travis County cause numbers 0935147 and 0935272.[1] *See Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App. 1982). The writ issued and, after a hearing, the relief sought was denied. This appeal followed. Tex.R.App.P. 44.

The indictment in cause number 0935147 accuses appellant of the aggravated robbery of Stephen Bilderbeck, committed on or about October 1, 1993. The indictment in cause number 0935272 accuses appellant of the aggravated robbery of David Trevino, committed on or about October 7, 1993. Ap-

pellant contends that trial of these causes would constitute double jeopardy because evidence of these unadjudicated offenses, in the form of testimony by Bilderbeck and Trevino, was admitted at the punishment stage of appellant's trial in Travis County cause number 0940237. Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) (West Supp.1994). In cause number 0940237, appellant was found guilty of the aggravated robbery of Esquiel Martinez, committed on October 2, 1993.

Article 37.07, section 3(a) provides:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.[2]

Appellant argues that to try him for the robberies of Bilderbeck and Trevino after these offenses were proved at the punishment stage of his previous trial pursuant to article 37.07, section 3(a) would have the effect of twice placing him in jeopardy for these offenses. Appellant does not assert the double jeopardy provision of the Texas Constitution as an independent basis for relief, and we will assume for the sake of this opinion that the Texas Constitution's guarantee against double jeopardy is no broader than that found in the Fifth Amendment of the United States Constitution. U.S. Const.

---

1. The writ application also sought the dismissal of a third cause, number 0935273. This cause was dismissed on the State's motion after the habeas corpus application was filed.

2. The present language of section 3(a) was adopted by the legislature effective September 1,

1993. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex.Gen.Laws 3586, 3759. The 1993 amendment was a response to the opinion in *Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim.App.1992).

amend. V; Tex. Const. art. I, § 14; *see Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex. Crim.App.1990) (conceptually, state and federal double jeopardy provisions are identical).

■ The constitutional guarantee against double jeopardy protects against a second prosecution for the same offense after conviction or acquittal, and also protects against multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex.Crim.App. 1991). It is undisputed that the indictments in cause numbers 0935147 and 0935272 are based on the criminal conduct described by Bilderbeck and Trevino in their testimony at the punishment stage of appellant's trial in cause number 0940237. The question presented by appellant's habeas corpus application is whether, because the unadjudicated robberies were proved during the punishment stage of appellant's trial for another offense and considered by the jury in assessing punishment for that offense, appellant has been previously prosecuted or punished for the unadjudicated robberies within the meaning of the double jeopardy clause.

■ We first consider whether admitting evidence of an unadjudicated offense pursuant to article 37.07, section 3(a) constitutes a prosecution for that offense within the meaning of the guarantee against double jeopardy. The answer to this question is found in the opinion of the United States Supreme Court in *United States v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). The defendant in *Felix* had been prosecuted and convicted in a Missouri federal district court for attempting to manufacture methamphetamine in that state. To prove the defendant's intent in the Missouri prosecution, the government introduced evidence that he had previously manufactured methamphetamine in Oklahoma. The defendant was later tried and convicted in an Oklahoma federal district court for manufacturing and possessing methamphetamine in that state. Much of the evidence introduced at the Oklahoma prosecution had been previously introduced at the Missouri trial. The United States Court of Appeals reversed the Oklahoma conviction on double jeopardy grounds. *United States v. Felix,* 926 F.2d 1522 (10th Cir.1991). The Supreme Court reversed the court of appeals, holding that no double jeopardy violation occurred.

The court [of appeals] found it decisive that the Government had introduced evidence of Felix's involvement in the Oklahoma lab to help show criminal intent for purposes of the Missouri trial. But it is clear that, no matter how much evidence of the Oklahoma transactions was introduced by the Government to help show Felix's state of mind, he was not *prosecuted* in the Missouri trial for any offense other than the Missouri attempt offense with which he was charged. Thus, the Court of Appeals holding must rest on an assumption that if the Government offers in evidence in one prosecution acts of misconduct that might ultimately be charged as criminal offenses in a second prosecution, the latter prosecution is barred under the Double Jeopardy Clause.

But such an assumption is not supportable; our precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation.

. . . . .

At the Missouri trial, the Government did not in any way *prosecute* Felix for the Oklahoma methamphetamine transactions; it simply introduced those transactions as prior acts evidence under [Fed.R.Evid.] Rule 404(b). The Government was therefore free to prosecute Felix in the trial below. . . .

*Felix,* —— U.S. at ——-——, 112 S.Ct. at 1382–83, 118 L.Ed.2d at 33–35.

Unadjudicated offense evidence has long been admissible at the punishment stage of capital murder prosecutions. *See* Tex.Code Crim.Proc.Ann. art. 37.071, § 2 (West Supp. 1994). Relying on *Felix,* the Fort Worth Court of Appeals recently held that the introduction of evidence of an unadjudicated sexual assault at the punishment stage of a capital murder trial did not constitute a prosecution for that offense and did not bar the defendant's later prosecution for the sexual

assault. *Smith v. State*, 842 S.W.2d 401 (Tex.App.—Fort Worth 1992, pet. ref'd). We believe that *Felix*'s reasoning is equally applicable when evidence of an unadjudicated offense is admitted at the punishment stage of a noncapital crime pursuant to article 37.07, section 3(a). The admission of evidence of the unadjudicated robberies at the punishment stage of appellant's trial in Travis County cause number 0940237 did not constitute a prosecution for those offenses within the meaning of the guarantee against double jeopardy.

■ Next, we consider whether, for double jeopardy purposes, a defendant has been punished for an unadjudicated offense that is admitted pursuant to article 37.07, section 3(a) at the trial of another offense and considered in assessing punishment for that offense. It is well-established that the consideration of a previous *conviction* when assessing punishment in a subsequent prosecution does not constitute the imposition of additional punishment for the offense for which the defendant was previously convicted and therefore does not constitute double jeopardy as to the previous offense. *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *Passmore v. State*, 544 S.W.2d 399, 402–03 (Tex.Crim.App. 1976); *Mullins v. State*, 409 S.W.2d 869, 872 (Tex.Crim.App.1966) (opinion on motion for rehearing); *see* Tex.Penal Code Ann. § 12.42 (West 1974 & Supp.1994). A statute providing for the enhancement of punishment based on proof of a previous conviction does not inflict additional punishment for the previous offense, but merely prescribes more severe punishment for the offense on trial based on the defendant's persistent criminal activity. *Mullins*, 409 S.W.2d at 872.

In the context of this appeal, we see no distinction between the consideration, pursuant to section 12.42, of criminal conduct that has resulted in a conviction and the consideration, pursuant to article 37.07, section 3(a),

of criminal conduct that has not resulted in a conviction. Under section 3(a), the defendant's commission of another offense for which he has not been convicted is a fact that may be considered by the court or jury in determining the appropriate punishment for the offense for which the defendant is on trial. Such consideration does not constitute punishment for the unadjudicated offense for the same reason that the consideration of a previous conviction pursuant to section 12.42 does not constitute additional punishment for the previous offense.

■ The guarantee against double jeopardy precludes a second punishment for the same offense, not a second punishment for the same conduct. *United States v. Cruce*, 21 F.3d 70, 75 (5th Cir.1994). Although the robberies of Stephen Bilderbeck and David Trevino were considered by the jury in assessing punishment in cause number 0940237, the robbery of Esquiel Martinez was the only offense for which appellant was punished in that cause.

■ In addition to the Fort Worth court in *Smith*, at least three other Texas courts of appeals have held that the consideration of unadjudicated criminal activity when assessing punishment does not constitute trial, conviction, or punishment for the unadjudicated offense. *Davis v. State*, 839 S.W.2d 147 (Tex.App.—Beaumont 1992, no pet.); *Barnes v. State*, 839 S.W.2d 118, 121–22 (Tex.App.—Dallas 1992, pet. ref'd); *Lester v. State*, 824 S.W.2d 775, 778–79 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). None of these cases involved, however, the application of article 37.07, section 3(a) as amended effective September 1, 1993. Appellant argues that section 3(a), as it now reads, "is an unprecedented procedure in American and Texas jurisprudence" because it requires a showing beyond a reasonable doubt that the defendant committed the unadjudicated offense.[3] Appellant argues that this required

---

3. Appellant construes this requirement as imposing a condition precedent to the introduction of unadjudicated offense evidence. Consistent with this reading of the statute, the district court in cause number 0940237 heard evidence with respect to the unadjudicated offenses and made a finding that appellant committed them before

allowing that evidence to be adduced before the jury. We note, however, that this is not the only possible construction of section 3(a). The statute may be read to instead require, in cases in which the jury assesses punishment, an instruction to the jury not to consider evidence of an unadjudicated offense in assessing punishment unless it

showing constitutes "a special form of final judgment" that raises a double jeopardy bar to subsequent prosecution for the unadjudicated offense. We are not persuaded by this argument. *Felix* teaches that proof of an extraneous offense does not constitute a prosecution for that offense "no matter how much evidence" is introduced. —— U.S. at ——, 112 S.Ct. at 1282, 118 L.Ed.2d at 33. While article 37.07, section 3(a) requires that the defendant's commission of an unadjudicated offense must be shown beyond a reasonable doubt, rather than by some lesser standard of proof, before it may be considered in assessing punishment, such consideration does not constitute a trial or adjudication of guilt.

Appellant relies on two opinions by United States Courts of Appeals. *United States v. McCormick*, 992 F.2d 437 (2d Cir.1993); *United States v. Koonce*, 945 F.2d 1145 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1705, 118 L.Ed.2d 413 (1992). In both of these cases, criminal conduct committed as part of the same scheme or course of conduct as the offense for which the defendant was on trial was utilized to increase the base offense level, and thus the punishment assessed, under the federal sentencing guidelines. Fed.Sent.Guidelines § 1B1.3(a)(2), *reprinted in* 18 U.S.C.A. app. 4 (West 1994). The courts of appeals held that this had the effect of punishing the defendant for the uncharged conduct and created a double jeopardy bar to later trial and conviction for that conduct. The opinions in *McCormick* and *Koonce* have been criticized by the United States Court of Appeals for the Fifth Circuit, which has held that a prosecution for conduct previously considered under the guidelines in assessing punishment for another offense does not constitute double jeopardy. *United States v. Wittie*, 25 F.3d 250 (5th Cir.1994); *Cruce*, 21 F.3d 70. To the extent the holdings in *McCormick* and *Koonce* are contrary to the other authorities discussed in this opinion, we decline to follow them.

The State's proof and the jury's consideration, pursuant to article 37.07, section 3(a), of the criminal conduct for which appellant has been indicted in cause numbers 0935147 and 0935272 during the punishment stage of appellant's trial in cause number 0940237 did not constitute trial, conviction, or punishment for the unadjudicated offenses. The pending trials in cause numbers 0935147 and 0935272 will violate neither the successive prosecution nor the multiple punishment component of the constitutional guarantee against double jeopardy.

The order of the district court is affirmed.

first finds beyond a reasonable doubt that the defendant committed the offense.