TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00416-CR







Woodie Sorrells, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0972427, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Woodie Sorrells appeals from his conviction for the offense of possession of
cocaine. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(c) (West Supp. 1998). The trial
court assessed appellant's punishment, enhanced by a prior felony conviction, at imprisonment for eight
years. Appellant asserts that the evidence is legally insufficient to support the jury's verdict, and in eight
additional points of error contends he was denied his constitutional rights. We will overrule appellant's
points of error and affirm the trial court's judgment.

 In reviewing the legal sufficiency of the evidence, the test is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994); Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). This standard of review is the same for both direct and circumstantial
evidence. Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991); Mack v. State, 859 S.W.2d
526, 527 (Tex. App.--Houston [1st Dist.] 1993, no pet.).

 The intentional or knowing possession of cocaine is a third degree felony if the amount of
cocaine possessed is by aggregate weight, including adulterants and dilutants, one gram or more but less
than four grams. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(c) (West Supp. 1998). 
Here, it was alleged that appellant possessed "cocaine in an amount of one gram or more but less than four
grams, by aggregate weight including any adulterants and dilutants." Through the testimony of a forensic
chemist, the State established that the white substance appellant possessed contained cocaine base and that
the aggregate weight of the white substance including adulterants and dilutants was 1.4 grams.

 Appellant's attack on the legal sufficiency of the evidence is limited to his contention that
the State failed to prove the controlled substance that he possessed weighed one gram or more. Appellant
argues that the State "must prove beyond reasonable doubt either that the controlled substance alone was
in the proper weight range [one gram or more but less than four grams] or must prove the presence of
adulterants and dilutants" as adulterants and dilutants were defined in the court's jury charge. Appellant
also insists that even though the substance appellant possessed included cocaine, adulterants and dilutants,
the State must prove that their combined weight, without the weight of other materials, met the one-gram-or-more weight required for the degree of punishment assessed.

 In support of his argument, appellant relies upon the cases of Cawthon v. State, 849
S.W.2d 346 (Tex. Crim. App. 1992); Reeves v. State, 806 S.W.2d 540 (Tex. Crim. App. 1990);
Engleking v. State, 750 S.W.2d 213 (Tex. Crim. App. 1988); McGlothlin v. State, 749 S.W.2d 856
(Tex. Crim. App. 1988); and Thorpe v. State, 831 S.W.2d 548 (Tex. App.--Austin 1992, no pet.). All
of these cases were decided before the legislature defined adulterants and dilutants. The statute now
defines adulterants and dilutants to mean any material that increases the bulk or quantity of a controlled
substance, regardless of its effect on the chemical activity of the controlled substance. See Tex. Health &
Safety Code Ann. § 481.002 (49) (West Supp. 1998). Any material that increases the bulk or quantity
of the controlled substance is by statutory definition an adulterant or dilutant. Therefore all of the material
possessed by appellant in addition to cocaine was an adulterant or dilutant. The State proved that the
combined weight of the cocaine, adulterants and dilutants, as statutorily defined, was 1.4 grams. See
Williams v. State, 936 S.W.2d 399, 405 (Tex. App.--Fort Worth 1996, pet. ref'd).

 Appellant's argument includes his contention that the State failed to prove the presence of
adulterants and dilutants as those terms were defined in the court's jury charge. The trial court did not
submit the statutory definition but charged "'adulterants' and 'dilutants' are compounds, substances or
solutions added to the controlled substance with the intent to increase the bulk of the product, or to increase
the quantity of the final product." Although the statutory definition would be preferred, we conclude the
meaning of the charge given is substantially the same as the statutory definition. We note that appellant did
not make a trial objection to the definition submitted and does not complain on appeal that the definition
given was incorrect, misleading, or unfair.

 Viewing the evidence in the light most favorable to the prosecution, the jury as the trier of
fact could rationally find all of the elements of the offense, including the quantity of the controlled substance
alleged, was proved beyond a reasonable doubt. Appellant's first point of error is overruled.

 In appellant's remaining points of error, he contends that he was denied federal and state
constitutional rights. Appellant bases these contentions on comments made by the trial court before
assessing appellant's punishment. Defense counsel asked the trial court in assessing punishment not to
penalize appellant for invoking his right to a jury trial. The prosecutor gave a brief history of appellant's
prior criminal record including two prior felony convictions. The prosecutor stated that although the
maximum penalty was imprisonment for twenty years, the State recommended punishment of imprisonment
for eight years.

 The trial court commented:


 THE COURT: But, of course, also the amount possessed in this case starts off
in a third degree felony amount. And I think that's a consideration in light of the fact that
what the officers [believe] they've really seen, although [they] could not prove [it] was a
delivery. That's what Mr. Sorrells was doing out there. It's clearly a possession with
intent to deliver. It's not a delivery insofar as anything that could be proven beyond a
reasonable doubt. But it's clearly a possession with intent to deliver.


* * * * *



 I don't think it is a delivery case. . . .[ I]t's clearly a possession with intent to
deliver. The only reason for standing outside there on Juniper Street in that kind of
situation is because you're delivering. Either you're picking up or you're delivering. One
of the two.


* * * * *



 All right. First off, Mr. Sorrells, based on your plea of true, I do at this time find
the enhancement count to be true in this cause. And because I find that to be true, even
though this is a 3rd degree felony that you've been found guilty of, because this
enhancement count is true, that does raise the punishment level to where you can be
punished as if this were a 2nd degree felony.


 All right. At this time when, Mr. Sorrells, the Court notes that the last time that you
were before me that I had sentenced you to four years confinement in the Texas
Department of Criminal Justice Institutional Division. Since that time you have gone and
committed another third degree felony. It seems to me just going in, even if you pled guilty
to an offense like that, that would be at least a year or two more in the penitentiary. That
would warrant giving you a year or two more than what you got the last time. So we [will]
automatically be talking about five or six years in the penitentiary.


 It's clear also to me in this case that there simply was no defense. The officers
drove up out there, they saw you doing what you were doing. I understand you have a
right to a jury trial. I understand that everybody has a right to a jury trial. On the other
hand, I have I don't know how many aggravated sexual assaults on my jury docket this
week that we could have possibly tried. All of those cases I think are more important than
this case. All those guys are out of jail. Under the law I have to give precedence to your
case because you were in jail. I think that the Court's time, the jury's time spent on a case
like that, which it's just open and shut, is really worthy of some more time.


 In addition to that, I do find that in view of the record that you have I do think that
the state's recommendation is well put. And so I am going to assess your punishment at
eight years punishment in the state penitentiary. On sentencing is the defense ready to
proceed?



 In points of error two through seven, appellant contends that the trial court erred in
depriving him of his federal and state constitutional rights by assessing additional punishment because (1)
appellant exercised his constitutional right to a jury trial, see U.S. Const. Amend. VI; Tex. Const. art I, §
15, (2) appellant refused to plead guilty and waive his right to self- incrimination, see U.S. Const. Amend.
V; Tex. Const. art. I, § 10, and (3) appellant exercised his right to equal treatment and protection when
the trial court deemed appellant's case less important than other cases on the court's docket, see U.S.
Const. Amend. XIV; Tex. Const. art. I, § 3.

 Appellant cites no direct authority to support his claim that he was denied his constitutional
rights. The cases appellant cites are concerned with comments made by prosecutors to jurors. See
Johnson v. State, 611 S.W.2d 649 (Tex. Crim. App. 1981); Perkins v. State, 630 S.W.2d 298 (Tex.
App.--Houston [1st Dist.] 1981, pet. ref'd untimely filed). The circumstances in the cited cases are not
analogous to those in this case. It appears the trial court, partially and perhaps unwisely, voiced its thought
process in assessing appellant's punishment. The trial court's comments were apparently made out of
frustration because of the court's heavy case load. In our review to determine whether appellant's
punishment was fairly assessed by the trial court, we must consider the facts of the case shown by the
record including appellant's convictions for two prior felony cases as well as appellant's lack of
rehabilitation following those convictions. A trial court is authorized to consider prior convictions and other
matters in assessing punishment. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (West 1981 & Supp.
1998). The range of punishment in this case was imprisonment from two to twenty years. The State's
recommended punishment was imprisonment for eight years. The trial court in its final analysis stated the
punishment assessed was based "on the record" and the "State's recommendation." We conclude
appellant was not denied his constitutional rights and overrule appellant's points of error two through seven.

 In points of error eight and nine, appellant asserts the trial court violated the constitutional
prohibition against double jeopardy by automatically assessing additional punishment for previous
convictions. See U.S. Const. Amend. V; Tex. Const. art. I, § 14. Appellant contends that:


 In arriving on the length of Appellant's sentence in the instant case, the trial judge
noted that Appellant's last conviction had resulted in a four year prison term. The judge
went on to state, "It seems to me just going in . . . that would be at least a year or two
more in the penitentiary. . . So, we automatically [would] be talking about five or six
years in the penitentiary." Such automatic assessment of additional punishment for a prior
conviction, violates a defendant's U.S. and State Constitutional right against double
jeopardy.



 Appellant seizes on the word "automatic" and argues that this indicates the trial court was
assessing additional punishment for the prior offenses, citing Rogers v. Lynough, 848 F.2d 606 (5th Cir.
1988). The state court judgment in that case was set aside because of the prosecutor's argument made
to the jury. The prosecutor argued for punishment of imprisonment for forty years, ten years for the offense
being tried and ten additional years for each of defendant's three prior offenses. Here again, the
prosecutor's argument to a jury is not analogous to this case. The trial court's use of the word "automatic"
does not necessarily imply the trial court was inappropriately assessing additional punishment for the prior
offenses. The range of punishment for the offense for which appellant was tried was imprisonment for not
less than two or more than ten years. One of appellant's prior felony convictions was alleged to legitimately
enhance his punishment to a maximum of twenty years. See Tex. Penal Code Ann. § 12.42(a)(3) (West
Supp. 1998), Ex parte Smith, 884 S.W.2d 551, 554 (Tex. App.--Austin 1994, no pet.). We hold that
the trial court did not assess inappropriate punishment. Appellant's eight and ninth points of error are
overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: May 14, 1998

Do Not Publish









* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



nwisely, voiced its thought
process in assessing appellant's punishment. The trial court's comments were apparently made out of
frustration because of the court's heavy case load. In our review to determine whether appellant's
punishment was fairly assessed by the trial court, we must consider the facts of the case shown by the
record including appellant's convictions for two prior felony cases as well as appellant's lack of
rehabilitation following those convictions. A trial court is authorized to consider prior convictions and other
matters in assessing punishment. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (West 1981 & Supp.
1998). The range of punishment in this case was imprisonment from two to twenty years. The State's
recommended punishment was imprisonment for eight years. The trial court in its final analysis stated the
punishment assessed was based "on the record" and the "State's recommendation." We conclude
appellant was not denied his constitutional rights and overrule appellant's points of error two through seven.

 In points of error eight and nine, appellant asserts the trial court violated the constitutional
prohibition against double jeopardy by automatically assessing additional punishment for previous
convictions. See U.S. Const. Amend. V; Tex. Const. art. I, § 14. Appellant contends that:


 In arriving on the length of Appellant's sentence in the instant case, the trial judge
noted that Appellant's last conviction had resulted in a four year prison