COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-055-CR

KRYSTAL RENA KING APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Krystal Rena King appeals from her conviction and seven-year sentence for tampering with physical evidence.  We will affirm.

II.  Factual and Procedural Background
 

On June 9, 2003, Lake Dallas police began investigating the disappearance of Denise Johnson.  Four days later, Oklahoma State Bureau of Investigation agents found Johnson’s body in a field in Oklahoma.  The body was wrapped in plastic wrap and blankets and partially cemented inside a large trash barrel.

The State subsequently charged Appellant, Steven Wiederhold, Scott List, and Tammy Slone with Johnson’s murder.  The State also charged Appellant, Wiederhold, List, Slone, and Angela Smith with tampering with physical evidence, a charge stemming from the transportation and disposal of the body.  Prior to trial, Appellant’s trial counsel made an oral motion to sever the prosecution of the two charges against Appellant.  
The trial court granted the motion, and the State proceeded, at that time, to trial only on the murder charge.  The jury ultimately found Appellant guilty of murder and sentenced her to fifty years in prison.  We later affirmed her conviction on appeal.  
See King v. State
, 189 S.W.3d 347 (Tex. App.—Fort Worth 2006, no pet.).

A. The Murder Trial

At the previous murder trial, the State’s evidence showed that Appellant, Wiederhold, List, and Slone conspired to commit Johnson’s murder and murdered her one evening at her apartment.  
Initially, Wiederhold, List, and Slone attempted to kill Johnson by putting rat poison in her spaghetti.  
When this effort was unsuccessful, Wiederhold, List, and Slone held Johnson down while Appellant suffocated and eventually stabbed her.  
The four co-conspirators then wrapped the body in plastic wrap and blankets and put it in the bedroom closet in Johnson’s apartment.  
Several days later, the co-conspirators partially cemented the body inside a large trash barrel.  
They left the body in Johnson’s bedroom closet for twelve days, and during that time they continued to wrap the body in plastic wrap, putting dryer sheets, baking soda, and baby powder between the layers of plastic wrap to mask the odor. 

After the murder, Appellant and Wiederhold went to Thomas Wiley’s house and asked him to help them dispose of the body and Johnson’s belongings, but Wiley refused to help.  Later, Wiederhold met Smith on a phone chat line.  After several conversations and an in-person meeting at a Chuck E. Cheese restaurant, Wiederhold showed the body to Smith and requested her help in disposing of the body, allegedly threatening her life if she did not help.  Smith agreed to help, and Wiederhold and List loaded the barrel containing the body into a U-Haul trailer attached to Smith’s truck.  Wiederhold, List, Slone, and Smith drove the U-Haul trailer to Oklahoma, where they dumped Johnson’s body by the side of a road.  Appellant stayed at Johnson’s apartment while the others transported and disposed of Johnson’s body.

Prior to and during the course of her murder trial, Appellant’s counsel objected to the admission of any evidence regarding the “purported attempt to dispose of a deceased body as evidence against Krystal Rena King.”  Specifically, he objected under rules of evidence 401 through 404
 arguing, among other things, that that evidence was not relevant to the murder charge but, rather, went solely to the severed tampering with evidence charge.  
See 
Tex. R. Evid.
 401-404.  Before opening statements, the following exchange took place between the prosecutor and Appellant’s attorney:

[The Prosecutor]: The body that [defense counsel] is referring to is the deceased in this particular case alleged in the indictment, Denise Johnson, and we’re going to have to offer evidence of the disposition of that body and the recovery of that body in proving our case.  We’re also going to offer evidence of what happened to that body along the way.  And the fact that there are also charges of tampering with evidence . . . does not, I believe, prevent us from going into that evidence which proves our case.

[Defense Counsel]: And my objection would be furthered by the fact that’s why we did sever it.  She’s standing trial for the murder of one Denise Johnson, not with tampering with evidence after some purposed murder of Denise Johnson.  We feel that—again, reurge the 404 objection, as well as the 401 through 403.

The trial court overruled these objections and permitted the State to introduce testimony concerning the co-conspirators’ transportation of the body, as well as evidence documenting the other events that occurred after the killing. 

B. The Tampering Trial

While the appeal for Appellant’s conviction for murder was pending, the State proceeded against Appellant on the remaining tampering charge.  In response, Appellant filed a special plea of double jeopardy under article 27.05 of the code of criminal procedure.  
See 
Tex. Code Crim. Proc. Ann.
 art. 27.05 (Vernon Supp. 2006).  In that plea, Appellant essentially claimed that because the State presented evidence relevant to the tampering charge during the course of her murder trial, the prosecution could not again use that same evidence against her in the subsequent tampering trial without violating the Double Jeopardy Clause.  At the hearing on the special plea, the State argued that the murder and the tampering offenses each arose out of the same criminal transaction, and therefore, the tampering evidence had been admissible at Appellant’s murder trial in order to “put everything in context as to how these acts all happened.”  The trial court denied the special plea, and the tampering case proceeded to trial.

During its case-in-chief in the tampering case, the State presented essentially the same evidence that it had during Appellant’s murder trial.  At the close of the evidence, the jury convicted Appellant of tampering with physical evidence and sentenced her to seven years’ imprisonment.  The trial court then rendered judgment on the jury’s verdict and ordered, in accordance with the State’s pretrial request, that Appellant’s sentence for tampering with evidence run consecutively to her murder sentence. 

III.  Issues Presented

In three issues, Appellant complains that (1) the trial court erred in denying her the opportunity to present her special plea of double jeopardy to the jury, (2) she was deprived of her constitutional protections against double jeopardy, and (3)
 
the trial court’s cumulation of her sentences caused her harm.
(footnote: 2)  Because the first two issues are interrelated, we will consolidate our discussion of them.

IV.  Analysis
 

A. The Special Plea & Double Jeopardy

A defendant may file a statutory plea in order to assert a claim of former jeopardy.  
Tex. Code Crim. Proc. Ann.
 art. 27.05.  The statutory procedure governing a special plea mandates that all issues of fact presented by that plea be tried by the trier of fact on the trial on the merits.  
Id.
 
art. 27.07.  Therefore, a special plea cannot be determined before trial to stop the prosecution in question.  
State v. Lara
, 924 S.W.2d 198, 202 (Tex. App.—Corpus Christi 1996, no pet.); 
see Apolinar v. State, 
820 S.W.2d 792, 794 (Tex. Crim. App. 1991).  Trial courts are required to submit the special plea to the trier of fact together with the plea of not guilty unless the court determines that, assuming all the facts alleged in the plea are true, the special plea does not present a legally sufficient former jeopardy claim. 
Arredondo v. State
, 582 S.W.2d 457, 459 (Tex. Crim. App. 1979).  We review a trial court’s ruling on a special plea under an abuse of discretion standard.  
See Lewis v. State, 
865 S.W.2d 478, 480-81 (Tex. App.—Tyler 1993, no pet.); 
Fielder v. State, 
683 S.W.2d 565, 569 (Tex. App.—Fort Worth 1985, pet. granted), 
reversed on other grounds, 
756 S.W.2d 309 (Tex. Crim. App. 1988).

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. C
ONST
. amend. V.  Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh’g).
 

At the special plea hearing, Appellant argued, as she does now on appeal, that the State effectively prosecuted and punished her, and thus placed her in jeopardy, for tampering with physical evidence, i.e. Johnson’s body, when it introduced evidence relating to that offense during her murder trial.  Therefore, Appellant contends that double jeopardy barred the State from retrying and further punishing her for that same conduct in this case.  
We disagree.

“Neither the Federal nor State Constitutions nor Texas Statutes prohibit multiple prosecution for two statutory offenses committed in the same transaction.  The constitutional provisions speak of double jeopardy in terms of the ‘same offense’ rather than ‘same transaction.’”  
Ex parte McWilliams
, 634 S.W.2d 815, 823 (Tex. Crim. App. 1980) (op. on reh’g) (overruling “carving doctrine”), 
cert. denied
, 459 U.S. 1036 (1982); 
see also Ex parte Rathmell
, 717 S.W.2d 33, 35 (Tex. Crim. App. 1986) (ruling that second conviction for involuntary manslaughter of second victim did not violate double jeopardy).  The protection against double jeopardy is inapplicable where separate and distinct offenses occurred during the same transaction.  
Spradling v. State
, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989).  Furthermore, proof of an extraneous offense does not constitute a prosecution for that offense “no matter how much evidence is introduced.” 
Ex parte Smith
, 884 S.W.2d 551, 554 (Tex. App.—Austin 1994, no pet.) (quoting 
United States v. Felix
, 503 U.S. 378, 385-86, 112 S. Ct. 1377, 1382 (1992)).  Therefore, the Double Jeopardy Clause does not bar the State from prosecuting a defendant for substantive crimes that were used as evidence against the defendant in a prior trial. 
 Felix
, 503 U.S. at 386, 112 S. Ct. at 1382 (stating that a “mere overlap in proof between two prosecutions does not establish a double jeopardy violation”).

The underlying transaction in this case involved the commission of two separate offenses—murder and tampering with physical evidence.  The murder charge arose as a result of Appellant killing Johnson, while the tampering charge stemmed from actions taken after the murder occurred.  Even though there is some overlap in evidence between the two cases, Appellant was not in any way prosecuted in the case at bar for the same offense for which she was prosecuted in her murder trial.  
Smith v. State, 
842 S.W.2d 401, 403-04 (Tex. App.—Fort Worth 1992, pet. ref’d)
; see Felix, 
503 U.S. at 387,112 S. Ct. at 1383 (introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct).
  Moreover, while double jeopardy precludes a defendant from being twice punished for the same 
offense
, it does nothing to prevent a second punishment for the same 
conduct
.  
Ex parte Smith, 
884 S.W.2d at 554.  Thus, the State could properly try, convict, and sentence Appellant on both offenses without violating the double jeopardy clause.  
See Patterson v. State
, 581 S.W.2d 696, 697 (Tex. Crim. App. [Panel Op.] 1979)
; Gehrke v. State
, 507 S.W.2d 550, 550-51 (Tex. Crim. App. 1974);
 Grant v. State
, 505 S.W.2d 279, 281 (Tex. Crim. App.), 
cert. denied, 
417 U.S. 968 (1974).  Accordingly, we conclude that Appellant’s special plea did not present a legally sufficient former jeopardy claim and hold that the trial court did not abuse its discretion in refusing to allow Appellant to present her special plea to the jury.  We overrule Appellant’s first two issues.

B. Cumulative Sentencing

In her third issue, Appellant contends that the trial court’s cumulation of her murder and tampering sentences caused her actual harm.  However, because Appellant has not identified any error that the trial court committed by cumulating the sentences, we need not engage in a harm analysis. 
 See 
Tex. R. App. P.
 44.2.  Thus, we overrule Appellant’s third issue. 

V.  Conclusion

Having overruled each of Appellant’s issues, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  May 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Throughout her brief, Appellant premises her discussion of these issues on the contention that the trial court “effectively deprived” her of her statutory right to severance, 
see 
Tex. Penal Code Ann.
 § 3.04 (Vernon Supp. 2006), 
 by erroneously admitting evidence at both trials that was relevant to the severed offense.  Thus, Appellant argues that she did not actually receive the separate trials that she requested.  However, we were presented with and ultimately rejected that same issue in Appellant’s previous murder appeal.  
See King, 
189 S.W.3d at 356 (holding that admission of evidence relating to severed offense did not deprive Appellant of her severance right as that evidence was admissible regardless of whether the charges against her were tried together or separately).  Accordingly, for the reasons stated in that opinion, we conclude that Appellant’s contention is without merit.  
See id.