COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-055-CR

 

 

KRYSTAL RENA KING                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                          I.  Introduction

Appellant Krystal Rena King
appeals from her conviction and seven-year sentence for tampering with physical
evidence.  We will affirm.

                                                    

 








                          II.  Factual and Procedural Background 

On June 9, 2003, Lake Dallas
police began investigating the disappearance of Denise Johnson.  Four days later, Oklahoma State Bureau of
Investigation agents found Johnson=s body in a field in Oklahoma. 
The body was wrapped in plastic wrap and blankets and partially cemented
inside a large trash barrel.

The State subsequently
charged Appellant, Steven Wiederhold, Scott List, and Tammy Slone with Johnson=s murder.  The State also
charged Appellant, Wiederhold, List, Slone, and Angela Smith with tampering
with physical evidence, a charge stemming from the transportation and disposal
of the body.  Prior to trial, Appellant=s trial counsel made an oral motion to sever the prosecution of the
two charges against Appellant.  The trial
court granted the motion, and the State proceeded, at that time, to trial only
on the murder charge.  The jury
ultimately found Appellant guilty of murder and sentenced her to fifty years in
prison.  We later affirmed her conviction
on appeal.  See King v. State, 189
S.W.3d 347 (Tex. App.CFort Worth
2006, no pet.).

A.     The Murder Trial








At the previous murder trial,
the State=s evidence
showed that Appellant, Wiederhold, List, and Slone conspired to commit Johnson=s murder and murdered her one evening at her apartment.  Initially, Wiederhold, List, and Slone
attempted to kill Johnson by putting rat poison in her spaghetti.  When this effort was unsuccessful,
Wiederhold, List, and Slone held Johnson down while Appellant suffocated and
eventually stabbed her.  The four co‑conspirators
then wrapped the body in plastic wrap and blankets and put it in the bedroom
closet in Johnson=s
apartment.  Several days later, the co‑conspirators
partially cemented the body inside a large trash barrel.  They left the body in Johnson=s bedroom closet for twelve days, and during that time they continued
to wrap the body in plastic wrap, putting dryer sheets, baking soda, and baby
powder between the layers of plastic wrap to mask the odor. 

After the murder, Appellant
and Wiederhold went to Thomas Wiley=s house and asked him to help them dispose of the body and Johnson=s belongings, but Wiley refused to help.  Later, Wiederhold met Smith on a phone chat
line.  After several conversations and an
in‑person meeting at a Chuck E. Cheese restaurant, Wiederhold showed the
body to Smith and requested her help in disposing of the body, allegedly
threatening her life if she did not help. 
Smith agreed to help, and Wiederhold and List loaded the barrel
containing the body into a U‑Haul trailer attached to Smith=s truck.  Wiederhold, List,
Slone, and Smith drove the U‑Haul trailer to Oklahoma, where they dumped
Johnson=s body by the side of a road. 
Appellant stayed at Johnson=s apartment while the others transported and disposed of Johnson=s body.








Prior to and during the
course of her murder trial, Appellant=s counsel objected to the admission of any evidence regarding the Apurported attempt to dispose of a deceased body as evidence against
Krystal Rena King.@  Specifically, he objected under rules of
evidence 401 through 404 arguing, among other things, that that evidence was
not relevant to the murder charge but, rather, went solely to the severed
tampering with evidence charge.  See Tex. R. Evid. 401-404.  Before opening statements, the following
exchange took place between the prosecutor and Appellant=s attorney:

[The
Prosecutor]: The body that [defense counsel] is referring to is the deceased in
this particular case alleged in the indictment, Denise Johnson, and we=re
going to have to offer evidence of the disposition of that body and the
recovery of that body in proving our case. 
We=re
also going to offer evidence of what happened to that body along the way.  And the fact that there are also charges of
tampering with evidence . . . does not, I believe, prevent us from going into
that evidence which proves our case.

 

[Defense
Counsel]: And my objection would be furthered by the fact that=s why
we did sever it.  She=s
standing trial for the murder of one Denise Johnson, not with tampering with
evidence after some purposed murder of Denise Johnson.  We feel thatCagain,
reurge the 404 objection, as well as the 401 through 403.

 

The trial court overruled these objections and
permitted the State to introduce testimony concerning the co-conspirators= transportation of the body, as well as evidence documenting the other
events that occurred after the killing. 

 








B.     The Tampering Trial

While the appeal for
Appellant=s conviction
for murder was pending, the State proceeded against Appellant on the remaining
tampering charge.  In response, Appellant
filed a special plea of double jeopardy under article 27.05 of the code of
criminal procedure.  See Tex. Code Crim. Proc. Ann. art. 27.05
(Vernon Supp. 2006).  In that plea, Appellant
essentially claimed that because the State presented evidence relevant to the
tampering charge during the course of her murder trial, the prosecution could
not again use that same evidence against her in the subsequent tampering trial
without violating the Double Jeopardy Clause. 
At the hearing on the special plea, the State argued that the murder and
the tampering offenses each arose out of the same criminal transaction, and
therefore, the tampering evidence had been admissible at Appellant=s murder trial in order to Aput everything in context as to how these acts all happened.@  The trial court denied the
special plea, and the tampering case proceeded to trial.








During its case-in-chief in
the tampering case, the State presented essentially the same evidence that it
had during Appellant=s murder
trial.  At the close of the evidence, the
jury convicted Appellant of tampering with physical evidence and sentenced her
to seven years=
imprisonment.  The trial court then
rendered judgment on the jury=s verdict and ordered, in accordance with the State=s pretrial request, that Appellant=s sentence for tampering with evidence run consecutively to her murder
sentence. 

                                      III.  Issues Presented

In three issues, Appellant
complains that (1) the trial court erred in denying her the opportunity to
present her special plea of double jeopardy to the jury, (2) she was deprived
of her constitutional protections against double jeopardy, and (3) the trial court=s cumulation of her sentences caused her harm.[2]  Because the first two issues are
interrelated, we will consolidate our discussion of them.

                                            IV.  Analysis 

A.     The Special
Plea & Double Jeopardy








A defendant may
file a statutory plea in order to assert a claim of former jeopardy.  Tex.
Code Crim. Proc. Ann. art. 27.05. 
The statutory procedure governing a special plea mandates that all
issues of fact presented by that plea be tried by the trier of fact on the
trial on the merits.  Id. art.
27.07.  Therefore, a special plea cannot
be determined before trial to stop the prosecution in question.  State v. Lara, 924 S.W.2d 198, 202
(Tex. App.CCorpus Christi 1996, no pet.); see Apolinar v. State, 820
S.W.2d 792, 794 (Tex. Crim. App. 1991). 
Trial courts are required to submit the special plea to the trier of
fact together with the plea of not guilty unless the court determines that,
assuming all the facts alleged in the plea are true, the special plea does not
present a legally sufficient former jeopardy claim. Arredondo v. State,
582 S.W.2d 457, 459 (Tex. Crim. App. 1979). 
We review a trial court=s ruling on a special plea under an abuse of discretion
standard.  See Lewis v. State, 865
S.W.2d 478, 480-81 (Tex. App.CTyler 1993, no pet.); Fielder v. State, 683 S.W.2d
565, 569 (Tex. App.CFort Worth 1985, pet. granted), reversed on other
grounds, 756 S.W.2d 309 (Tex. Crim. App. 1988).








The Double
Jeopardy Clause of the United States Constitution provides that no person shall
be subjected to twice having life or limb in jeopardy for the same
offense.  U.S. CONST. amend. V.  Generally, this clause protects against (1) a
second prosecution for the same offense after acquittal, (2) a second
prosecution for the same offense after conviction, and (3) multiple punishments
for the same offense.  Brown v. Ohio,
432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex parte Herron, 790
S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g). 

At the special
plea hearing, Appellant argued, as she does now on appeal, that the State
effectively prosecuted and punished her, and thus placed her in jeopardy, for
tampering with physical evidence, i.e. Johnson=s body, when it introduced evidence relating to that
offense during her murder trial. 
Therefore, Appellant contends that double jeopardy barred the State from
retrying and further punishing her for that same conduct in this case.  We disagree.








ANeither the Federal nor State Constitutions nor Texas
Statutes prohibit multiple prosecution for two statutory offenses committed in
the same transaction.  The constitutional
provisions speak of double jeopardy in terms of the >same offense= rather than >same transaction.=@  Ex parte
McWilliams, 634 S.W.2d 815, 823 (Tex. Crim. App. 1980) (op. on reh=g) (overruling Acarving doctrine@), cert. denied, 459 U.S. 1036 (1982); see also
Ex parte Rathmell, 717 S.W.2d 33, 35 (Tex. Crim. App. 1986) (ruling that
second conviction for involuntary manslaughter of second victim did not violate
double jeopardy).  The protection against
double jeopardy is inapplicable where separate and distinct offenses occurred
during the same transaction.  Spradling
v. State, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989).  Furthermore, proof of an extraneous offense
does not constitute a prosecution for that offense Ano matter how much evidence is introduced.@ Ex parte Smith, 884 S.W.2d 551, 554 (Tex. App.CAustin 1994, no pet.) (quoting United States v. Felix,
503 U.S. 378, 385‑86, 112 S. Ct. 1377, 1382 (1992)).  Therefore, the Double Jeopardy Clause does
not bar the State from prosecuting a defendant for substantive crimes that were
used as evidence against the defendant in a prior trial.  Felix, 503 U.S. at 386, 112 S. Ct. at 1382
(stating that a Amere overlap in proof between two prosecutions does not
establish a double jeopardy violation@).








The underlying
transaction in this case involved the commission of two separate offensesCmurder and tampering with physical evidence.  The murder charge arose as a result of
Appellant killing Johnson, while the tampering charge stemmed from actions
taken after the murder occurred.  Even
though there is some overlap in evidence between the two cases, Appellant was
not in any way prosecuted in the case at bar for the same offense for which she
was prosecuted in her murder trial.  Smith
v. State, 842 S.W.2d 401, 403-04 (Tex. App.CFort Worth 1992, pet. ref=d); see Felix, 503 U.S. at 387,112 S. Ct. at 1383 (introduction
of relevant evidence of particular misconduct in a case is not the same thing
as prosecution for that conduct). 
Moreover, while double jeopardy precludes a defendant from being twice
punished for the same offense, it does nothing to prevent a second
punishment for the same conduct.  Ex
parte Smith, 884 S.W.2d at 554. 
Thus, the State could properly try, convict, and sentence Appellant on
both offenses without violating the double jeopardy clause.  See Patterson v. State, 581 S.W.2d
696, 697 (Tex. Crim. App. [Panel Op.] 1979); Gehrke v. State, 507 S.W.2d
550, 550-51 (Tex. Crim. App. 1974); Grant v. State, 505 S.W.2d 279, 281
(Tex. Crim. App.), cert. denied, 417 U.S. 968 (1974).  Accordingly, we conclude that Appellant=s special plea did not present a legally sufficient former
jeopardy claim and hold that the trial court did not abuse its discretion in
refusing to allow Appellant to present her special plea to the jury.  We overrule Appellant=s first two issues.

B.     Cumulative
Sentencing

In her third
issue, Appellant contends that the trial court=s cumulation of her murder and tampering sentences caused
her actual harm.  However, because
Appellant has not identified any error that the trial court committed by
cumulating the sentences, we need not engage in a harm analysis.  See Tex.
R. App. P. 44.2.  Thus, we
overrule Appellant=s third issue. 

                                          V.  Conclusion

Having overruled
each of Appellant=s issues, we affirm the trial court=s judgment. 

PER CURIAM

 

PANEL F:    GARDNER, LIVINGSTON, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:  May 31, 2007











[1]See Tex. R. App. P. 47.4.





[2]Throughout
her brief, Appellant premises her discussion of these issues on the contention
that the trial court Aeffectively
deprived@ her
of her statutory right to severance, see Tex. Penal Code Ann. ' 3.04 (Vernon Supp.
2006),  by erroneously admitting evidence
at both trials that was relevant to the severed offense.  Thus, Appellant argues that she did not
actually receive the separate trials that she requested.  However, we were presented with and
ultimately rejected that same issue in Appellant=s
previous murder appeal.  See King, 189
S.W.3d at 356 (holding that admission of evidence relating to severed offense
did not deprive Appellant of her severance right as that evidence was
admissible regardless of whether the charges against her were tried together or
separately).  Accordingly, for the
reasons stated in that opinion, we conclude that Appellant=s
contention is without merit.  See id.